Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-306-KKC

DONALD A. ENGLISH                                                          PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

TERI WARD, et al.                                                      DEFENDANTS

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

This matter is before the Court on the Plaintiff's responses to an earlier Order informing him of the need to correct deficiencies in his initial submissions.

## BACKGROUND

On September 14, 2009, Donald A. English, an individual in the custody of the Bureau of Prisons ("BOP") and currently incarcerated at the Federal Medical Center in Lexington, Kentucky, submitted a self-styled prisoner *pro se* civil rights Complaint. He claimed that this Court has jurisdiction over his cause of action pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971).

Perusal of the Complaint revealed that the Plaintiff is challenging the BOP's imposition of the Inmate Financial Responsibility Program (the "IFRP") on him. He claims that, consistent with the IFRP, for the past three (3) years, the BOP has taken 50% of his income from his job in UNICOR Prison Industries to pay toward his court-ordered restitution. He opines that this is illegal:

> . . . Plaintiff was unaware a the time that only the United States District Judge over
> his case had the authority to determine the amount and frequency of any restitution
> payments and that this authority could not be legally transferred or conveyed to any

other person or entity including the Bureau of Prisons.

Record No. 2 at 5-6. He demands a jury trial and damages from several BOP staff members who have been enforcing the IRFP.

On September 21, 2009, the Court issued a Deficiency Order, informing the Plaintiff of the need to pay the $350 District Court filing fee or to move for permission to proceed herein *in forma pauperis*; granting him thirty (30) days in which to do one or the other; and warning him that dismissal could result if he failed to do so. The Court also noted that the Plaintiff had not attached documents from, nor made any reference to, his use of the BOP administrative remedy process prior to this filing suit. The Plaintiff was advised that he should address the administrative remedies which he used within the same 30-day period.

Plaintiff English has now responded to that Deficiency Order. He has moved to proceed herein *in forma pauperis*, and the Court will grant that motion by separate Order. He has also filed a notice in which he states his position on the administrative remedy issue. Plaintiff admits that he did not pursue any relief from the BOP directly through its administrative remedy procedure but argues that exhaustion is not required when it would be futile. He insists that it would be futile to require him to exhaust because the program at issue is firm policy routinely enforced in the BOP.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. §1997e to make exhaustion of administrative remedies mandatory for prisoners. The statute now provides as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Shortly after its effective date, April 26, 1996, the United States Court of Appeals for the Sixth Circuit held that the language means what it says, expressly requiring exhaustion of administrative remedies before bringing a civil action or appeal. *Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997).

Since then, the Supreme Court of the United States has twice held similarly, that the statute means precisely what it says. *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Porter v. Nussle*, 534 U.S. 516, 525 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").

It is a prisoner-plaintiff's burden to demonstrate exhaustion of his or her administrative remedies with regard to each claim and each defendant, by either attaching copies of documents therefrom or by describing with particularity the administrative steps he took and responses he or she received in the process. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id. See also Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) (Dismissal is appropriate when the court has given the plaintiff an opportunity to demonstrate exhaustion of administrative remedies and he has failed to do so).

The 4-tiered administrative remedy scheme available to inmates who have any complaint about their confinement in Bureau of Prisons institutions is set out in its Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-542.19 (2000). Section 542.13(a) demands that an inmate

first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden.

If the inmate is not satisfied with the Warden's response, he may appeal (BP-230, formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid Atlantic Regional Office of the BOP in Annapolis Junction, Maryland. If the prisoner is not satisfied with the Regional Director's response, the inmate may appeal to the Office of General Counsel of the BOP, (BP-231, formerly BP-11). *See* § 542.15 (a) - (b).

The administrative procedure includes established response times which are not burdensome nor unduly time consuming. § 542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*. Thus, in three months the matter is ready for filing in federal court.

Plaintiff claims that there is a futility exception to total exhaustion. That is true. However, resort to administrative remedies is only futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987). In this case, however, the Court finds that the

futility exception does not apply.

First, the BOP's enforcement of its own policy does not, standing alone, render a challenge to that policy futile. Plaintiff cites case law purportedly in his favor, but statutes, policies, and case law do actually change. Contrast the law regarding restitution orders evolving after the Mandatory Victims Restitution Act ("MVRA") with that arising from the Victim and Witness Protection Act ("VWPA"): *cf Weinberger v. United States*, 268 F.3d 346, 361 (6th Cir. 2001) *with United States v. Davis*, 306 F.3d 398, 425 (6th Cir. 2002). Moreover, Plaintiff offers no evidence suggesting that the BOP would be unwilling to change its policy.

Also, it is only through the administrative process that a record develops such that this Court may fully consider the issue which Plaintiff raises. The trial court's Judgment of Conviction would be an important document in assessing whether a conflict exists between the Judge's and the BOP's instructions about payment of the restitution. The total amount of Plaintiff's available financial resources, including assets and/or family sources, and his use of such resources to make court-ordered payments, if any, would also be relevant. Whatever the BOP will cite as authority for its actions will go to the heart of the merits of this Plaintiff's claim. The parties' arguments in the administrative process serve to brief the matter for the Court.

Requiring a prisoner-plaintiff to spend three months of his time administratively is not a hardship when he has been paying under the IFRP for three years before he brought his challenge. Moreover, the balance on his restitution obligation falls with each passing month that IFRP payments are made. In addition to providing the Court with a record, the federal courts have recognized that there are several additional reasons for the exhaustion requirement. As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

5

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205.

Because the Plaintiff herein has not pursued the BOP administrative process, his lawsuit will be dismissed without prejudice to his refiling an action after proper exhaustion of the matter with the Bureau of Prisons.

## CONCLUSION

Accordingly, the Court being otherwise sufficiently advised, **IT IS ORDERED** that the instant action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

Dated this 2nd day of November, 2009.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**